# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANDRE L. LEE,
        Petitioner,

v.                                                      Case No. 07C0168

JEFFREY P. ENDICOTT,
        Respondent.

## DECISION AND ORDER

Pro se petitioner Andre L. Lee seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his state court conviction after a jury trial of second-degree intentional homicide as a party to the crime. He argues that his state trial and appellate counsel were ineffective and that the state courts should have ordered a new trial based on newly discovered evidence. Before bringing this petition, petitioner exhausted his available state remedies. I may grant habeas relief only if the decision of the last state court to address the merits of petitioner's claim was contrary to or an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

Petitioner's conviction arose out of the shooting of William Wright, which occurred at the apartment of LaShawnda Shumpert. Shumpert initially denied knowledge of the shooting but at petitioner's trial testified that she, petitioner and Derrick Singleton planned to rob Wright and that petitioner shot Wright. Shumpert also picked petitioner's photograph out of a photo array. Petitioner's fingerprints were found on the gun that killed Wright. Shumpert also testified that she knew petitioner by a variety of nicknames, including "Li'l Dirty."

I first address petitioner's claim that his trial counsel was ineffective. To prevail on an ineffective assistance claim, petitioner must show that his counsel performed deficiently and that as a result, he was prejudiced. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, petitioner must establish that there is a reasonable probability that but for counsel's failures, the outcome would have been different. Id. at 694. Petitioner first argues that his trial counsel was ineffective for failing to call several witnesses who would have testified that petitioner was not known as Li'l Dirty and thus cast doubt on Shumpert's testimony that petitioner participated in the crime. The state court of appeals rejected petitioner's claim as follows:

> Lee argues that his counsel was ineffective by not properly litigating the question of whether he was known as "Lil Dirty." The significance of the nickname, according to Lee, was that in statements made before trial Shumpert identified "Lil Dirty," not Lee, as her co-conspirator along with Singleton. In other words, establishing that Lee was not known as "Lil Dirty" would have helped give the jury reasonable doubt as to whether Shumpert's original accounts, rather than her trial testimony implicating Lee, were true. To litigate the issue properly, according to Lee, counsel should have presented testimony by Kelly, discussed above, and three other witnesses who would have testified that they knew Lee, but had never heard this nickname.
>
> At the postconviction hearing, trial counsel testified that her investigator attempted to locate Kelly because his name appeared in police reports, but his phone was disconnected. She testified that Lee did not give her the names of the other three witnesses, although Lee testified to the contrary. She also testified that after having seen the testimony of two of them at the hearing, she did not regard them as credible witnesses. The trial court also did not regard them as credible, but does not appear to have made a finding as to whether Lee did or did not tell his attorney about them. On appeal, Lee argues that their testimony was credible. However, there is nothing in the transcript of their testimony that provides a basis to conclude that the trial court's finding as to their credibility was clearly erroneous.

State v. Lee, No. 2003AP002089-CR, 280 Wis. 2d 556, 2005 WL 366952, at *2-*3 (Ct. App. Feb. 17, 2005).

2

In reviewing the state court of appeals's decision, I must presume that its factual determinations, including its credibility determinations, are correct unless petitioner rebuts them by clear and convincing evidence. Murrell v. Frank, 332 F.3d 1102, 1112 (7th Cir. 2003). In the present case, petitioner has not provided such evidence. Moreover, even if petitioner's trial counsel had called witnesses who would have testified that they did not know petitioner as Lil Dirty, this would not necessarily have undermined Shumpert's testimony that she knew him by that name. Further, based on Shumpert's identification of petitioner's photograph and the fact that petitioner's fingerprints were found on the gun that killed Wright, I cannot say that the state court of appeals unreasonably applied Strickland when it concluded that petitioner was not prejudiced by the failure of his trial counsel to call certain witnesses.

Petitioner also argues that his trial counsel was ineffective for allowing a defense witness to testify in prison garb. On this point, the state court of appeals held as follows:

> Lee also argues that his counsel was ineffective by allowing a trial witness for Lee, named Kizzy Jones, to appear in jail clothes. Counsel acknowledged that this was an oversight. However, we conclude there was no prejudice. Jones admitted that she had been convicted of crimes five times. In light of that information, the jury would not be surprised to learn that she was currently in jail.

Lee, 280 Wis. 2d 556, 2005 WL 366952, at *3. Petitioner concedes that the jury would have found out about Jones's five convictions regardless of whether she was in prison garb (see Petr.'s Br. in Supp. at 27), and he provides no reason to conclude that Jones's attire made her less credible than five convictions did. Thus, the state court of appeals's conclusion that petitioner's trial counsel's failure to object to Jones's appearance was not prejudicial was not an unreasonable application of Strickland.

3

Petitioner also argues that his appellate counsel was ineffective for failing to argue that the trial court erred in excluding a psychological evaluation of Shumpert and in denying petitioner's request to question Shumpert about the evaluation. The state court of appeals found that petitioner's appellate counsel was not ineffective for failing to make these arguments. The court stated:

> Lee's counsel sought admission of the record of an evaluation of Shumpert that was conducted in June 1990 in connection with the juvenile adjudication when Shumpert was thirteen years old. The evaluation occurred eleven years before the trial of this case. The record at issue was a treatment summary made by an unidentified treatment provider. The trial court denied the motion on the grounds of relevance, concluding, "it is an extremely old evaluation."
>
> . . . .
>
> "Failure to raise an issue of law is not deficient performance if the legal issue is later determined to be without merit." State v. Wheat, 2002 WI APP 153, ¶ 14, 256 Wis. 2d 270, 278, 647 N.W.2d 441. A hearing on an ineffective assistance of counsel claim is not required "if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief." State v. Allen, 2004 WI 106, 274 Wis. 2d 568, 576-77, 682 N.W.2d 433. In light of the foregoing precedent, Lee bears the burden of showing that counsel's failure to appeal the denial of the admissibility of the psychological records was unreasonably deficient and that there is a reasonable probability that his conviction would have been reversed had counsel raised the issue on his direct appeal.
>
> Lee's petition argues that the trial court erred by refusing to admit Schumpert's psychological records without an in camera review. He argues that such an inspection was required by State v. Shiffra, 175 Wis. 2d 600, 605, 499 N.W.2d 719 (Wis. App. 1993). Shiffra provides that an in camera inspection is required when the defendant makes a "preliminary showing that the evidence is material to his or her defense." Id. at 605. However, "Evidence which is not relevant is not admissible." Wis. Stat. § 904.02.
>
> We conclude the trial court did not erroneously exercise its discretion in ruling that Shumpert's psychological evaluation did not fall within the limits of relevancy because the evaluation was too remote in time. See Curl v. State, 40 Wis. 2d 474, 484, 162 N.W.2d 77 (1968) (evidence of psychiatric

4

> hospitalizations between five and eight years earlier were properly excluded because they were too remote in time to be material). Furthermore, in the context of deciding admissibility of other-acts evidence or character evidence, other courts have specifically recognized that because of ordinary maturation, a person's conduct as a child may not be relevant to his or her conduct as an adult:
>
>> The difference between a thirteen year old and a twenty year old is much more significant than the difference between someone who is thirty-three and someone who is forty. Because of the considerable changes in character that most individuals experience between childhood and adulthood, behavior that occurred when the defendant was a minor is much less probative than behavior that occurred while the defendant was an adult.
>
> State v. Barreau, 202 WI App 198, 257 Wis. 2d 203, 225-226, 651 N.W.2d 12.
>
> Because we are confident that the evidence not admitted by the court was not relevant to Lee's defense, we conclude as a matter of law that appellate counsel was not ineffective for failing to challenge the trial court's discretionary decision denying the admission of the evaluation without an in camera review.

State ex rel. Lee v. Endicott, No. 2006AP001649-W, at 2-4 (Wis. Ct. App. filed Aug. 23, 2006).

Although petitioner has a constitutional right to present evidence relevant to his defense and to cross-examine adverse witnesses, courts may impose reasonable restrictions on such rights. See Chambers v. Mississippi, 410 U.S. 284, 302 (1973); Taylor v. Illinois, 484 U.S. 400, 408 (1988); Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986); Horton v. Litscher, 427 F.3d 498, 505 (7th Cir. 2005); see also Walker v. Litscher, 421 F.3d 549, 556 (7th Cir. 2005). In the present case, the evidence in question was highly remote in time and only marginally relevant to the issue presented. Thus, the court of appeals's

5

decision that petitioner's appellate counsel was not ineffective for failing to raise the issue on appeal was not an unreasonable application of Strickland.

Lastly, petitioner argues that the state court of appeals erred in affirming the trial court's refusal to order a new trial based on newly discovered evidence. The state court of appeals addressed this argument as follows:

> On appeal, the parties agree that one element in the analysis of newly discovered evidence is whether it is reasonably probable that a different result would be reached at a new trial. State v. Carnemolla, 229 Wis.2d 648, 656, 600 N.W.2d 236 (Ct. App.1999). The motion is addressed to the circuit court's sound discretion and we will affirm the court's decision if it has a reasonable basis and was made in accordance with accepted legal standards and facts of record. Id.
>
> The first new evidence was from Derrick Singleton. There had been testimony by LaShawnda Shumpert at trial that Singleton was part of a conspiracy, also including herself and defendant Lee, to rob the victim Wright, and that she had been able to hear that Singleton was present with defendant Lee when Wright was shot. In support of Lee's postconviction motion, Singleton testified that when Wright was killed, Singleton was present at the scene, but he was with Hershel Chambers, not Lee, and it was Chambers who shot Wright. On cross-examination, the State brought out that Singleton was arrested and gave a statement to police many months before that hearing, at a time that was after Lee's conviction at trial but before his sentencing. In that statement Singleton said it was Lee he was with, and Lee shot Wright. Singleton further testified that he did not know at the time of that statement whether Lee had been tried, but he did know that Lee had been charged, and he incriminated Lee to give the police the statement he thought they wanted to hear, in hopes of getting a good plea offer. Singleton also testified that he knew Chambers had died since the Wright killing.
>
> The second new evidence was testimony by Kevin Kelly. He testified at the postconviction hearing that he saw Singleton and a person he knew only as "Lil Dirty" entering the building where Wright was shot, on that day. Singleton testified that "Lil Dirty" was a name Chambers was known by.
>
> The circuit court stated that, after having the opportunity to observe the testimony by Singleton and Kelly, the court did not find it credible "to the degree that it would support this Court on that determination in making a finding that a different result would come about at trial."

> On appeal, the parties appear to agree that in deciding the likelihood of a different result on retrial, the circuit court is permitted to rely on its assessment of the credibility of a witness presenting new evidence. See Carnemolla, 229 Wis.2d at 659-61, 600 N.W.2d 236. Lee argues that the court's conclusion as to likelihood of a different result was erroneous. We disagree. Singleton's credibility at the postconviction hearing was questionable, in light of his original statement to police and the fact that he knew Chambers was by then dead, and therefore in no position to dispute Singleton's and Kelly's claims about his presence at the crime scene. Furthermore, this new evidence would not affect the testimony from trial that only Lee's fingerprints were found on the gun that killed Wright. In addition, Singleton's original statement was generally consistent with Shumpert's testimony at trial. We conclude the court's decision had a reasonable basis.

Lee, 280 Wis.2d 556, 2005 WL 366952, at *1.

Generally speaking, the refusal to grant a new trial based on the existence of newly discovered evidence is not a ground for federal habeas relief. Herrera v. Collins, 506 U.S. 390, 400 (1993) (citing Townsend v. Sain, 372 U.S. 293, 317 (1963)); Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993), overruled on other grounds by Massaro v. United States, 538 U.S. 500 (2003); Coogan v. McCaughtry, 958 F.2d 793, 801 (7th Cir. 1992). In the present case, petitioner fails to establish that the court of appeals's rejection of his request for a new trial was contrary to or an unreasonable application of any decision of the Supreme Court.

Therefore,

**IT IS ORDERED** that the petition for a writ of habeas corpus is denied.

Dated at Milwaukee, Wisconsin this 5 day of December, 2008.

/s  
LYNN ADELMAN  
District Judge