# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANDRE LEE,
        Petitioner,

v.                                  Case No. 07C0168

JEFFREY ENDICOTT,
        Respondent.

## DECISION AND ORDER

On February 22, 2007, Andre L. Lee, a Wisconsin state prisoner, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 5, 2008, I denied his petition. On January 12, 2009, petitioner filed a request for a certificate of appealability.

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. See 28 U.S.C. § 2253(c)(3).

Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

None of the issues raised by petitioner deserves encouragement to proceed further nor is the denial of each issue debatable among jurists of reason. Petitioner claims that his trial counsel was ineffective for failing to investigate and interview four witnesses who could have provided potentially exculpatory testimony. However, I found the state court's determination that petitioner was not prejudiced by counsel's alleged failures to be reasonable. As such, petitioner failed to establish that the state court unreasonably applied the Strickland[1] standard. Petitioner also raised other issues in his habeas petition but appears to have abandoned them. In his request for a certificate of appealability, he expressly abandoned the issues of whether his appellate counsel was ineffective and whether the trial court erred in denying him a new trial based on newly discovered evidence. Further, he does not mention the issue of whether trial counsel was ineffective for allowing the primary defense witness to testify in a prison uniform. With regard to this issue, I found that the state court's determination that there was no prejudice in this admitted failure was reasonable, and thus not an unreasonable application of Strickland.

I do not believe jurists of reason would differ as to any of the issues petitioner presented in this case and I do not believe these issues should proceed further.

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

2

Accordingly, for the same reasons as set forth in my December 5, 2008 Order, petitioner has not made a substantial showing of the denial of any constitutional right.

**IT IS THEREFORE ORDERED** that petitioner's request for a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin this 15 day of January, 2009.

/s
LYNN ADELMAN
District Judge