UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDRE LEE,

        Petitioner,

  v.                                Case No. 07C0168

LARRY JENKINS,

        Respondent.

## ORDER

Petitioner, Andre Lee, filed a petition seeking a writ of habeas corpus. I denied his petition on December 5, 2008. Subsequently, petitioner filed a notice of appeal of my order and judgment denying his petition, as well as a motion to proceed in forma pauperis on appeal. I granted petitioner's in forma pauperis motion on the condition that he pay a partial filing fee of $54.27. Petitioner has now requested that I order the Regranite Correctional Institution to deduct that partial filing fee from his inmate release account, since he does not have adequate funds in his regular trust account.

The PLRA requires courts to collect filing fees from "prisoner's accounts." 28 U.S.C. § 1915(b). The business office of the institution where an inmate is incarcerated sends the court a "Trust Account Activity Statement," showing account activity for the past six months. That statement reflects both the inmate's regular and release accounts. "Trust account" is an umbrella term used by the institutions that means both accounts. The court uses this statement in making the determination regarding in forma pauperis status.

In <u>Doty v. Doyle</u>, 182 F. Supp. 2d 750 (E.D. Wis. 2002), I stated:

> the courts have found that when a prisoner's general fund has insufficient funds to pay filing fees, both the . . . Wisconsin PLRA . . . and the . . . federal PLRA . . . authorize the courts to order that the money in a prisoner's release be made available for that purpose. <u>Spence v. Cooke</u>, 222 Wis. 2d 530, 537 (Ct. App. 1998); <u>Spence v. McCaughtry</u>, 46 F. Supp. 2d 861 (E.D. Wis. 1999). (All the same, in deference to the Wisconsin public policy behind release accounts, judges of this district do not routinely look to prisoners' release accounts when they assess initial partial filing fees under the federal PLRA, <u>Smith v. Huibregtse</u>, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001), although they will do so upon request from the prisoner, as in <u>Spence v. McCaughtry</u>.) <u>Id.</u> at 751.

Thus, based on petitioner's request and his assertion that he has adequate funds in his release account to pay the partial filing fee, I will grant his request and order that the partial filing fee of $54.27 be deducted from petitioner's release account.

**For the foregoing reasons,**

**IT IS ORDERED** that petitioner's request to pay the partial filing fee of $54.27 from his release account is **GRANTED**.

**IT IS FURTHER ORDERED** that the warden of the Redgranite Correctional Institution, Larry Jenkins, shall deduct $54.27 from petitioner Andre Lee's inmate release account and submit it to the Clerk of Court within **21 days** of the date of this order.

Dated at Milwaukee, Wisconsin, this 11 day of June, 2009.

/s
LYNN ADELMAN
District Judge